# UNITED STATES DISTRICT COURT
for the
Eastern District of California


FILED
JUN 19 2015
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

In the Matter of the Search of )
)
White Samsung cellular telephone with model # SGH- )
T599B, CURRENTLY LOCATED AT the Solano ) Case No.
County Sheriff's Evidence Bureau, 530 Union Avenue, )
Suite 100, Fairfield, California. )
) 2:15 - SW - 0 3 4 5    KJN

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

located in the _____ Eastern _____ District of _____ California _____, there is now concealed *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Being a felon in possession of a firearm |
| 21 U.S.C. § 841(a)(1) | Possession with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine |

The application is based on these facts:

**SEE AFFIDAVIT, attached hereto and incorporated by reference.**

- ☐ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested
- ☐ under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Mark T. Demarest, FBI Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: June 19, 2015

_____
*Judge's signature*

City and state:   Sacramento, California        Kendall J. Newman, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

The property to be searched is a White Samsung cellular telephone with model # SGH-T599B, hereinafter the "Device." The Device is currently located at the Solano County Sheriff's Evidence Bureau, 530 Union Avenue, Suite 100, Fairfield, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1. All records on the Device described in Attachment A that relate to violations of 18 U.S.C. 922(g)(1) and 21 U.S.C. 841(a)(1) and involve Louis Marsh, including: Any and all names, words, telephone numbers, email addresses, time/date information, messages, and electronic date in the memory of the mobile telephone or on a server and associated with the mobile telephone and described as:

   i. Incoming call history;

   ii. Outgoing call history;

   iii. Missed call history;

   iv. Outgoing text messages;

   v. Incoming text messages;

   vi. Draft text messages;

   vii. Telephone book or contacts;

   viii. Data screens or files identifying the telephone number associated with the mobile telephone searched;

   ix. Data screens, files, or writing containing serial numbers or other information that identifies the mobile phone searched;

   x. Voicemail;

   xi. Email;

   xii. User-entered messages (such as to-do lists);

   xiii. Photographs;

   xiv. Videos; and

   xv. Audio files

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored,

including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

BENJAMIN B. WAGNER
United States Attorney
AMANDA BECK
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| In the Matter of the Search of: | CASE NO. |
|---|---|
| White Samsung cellular telephone with model # SGH-T599B , CURRENTLY LOCATED AT the Solano County Sheriff's Evidence Bureau, 530 Union Avenue, Suite 100, Fairfield, California. | AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH DEVICE |

1. I, Mark T. Demarest, being first duly sworn, hereby depose and state as follows:

### I.     INTRODUCTION AND AGENT BACKGROUND

2. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

3. I have worked as a deputy with the Solano County Sheriff's Office since October 2003.

4. Since July 2014, I have been assigned to work as a task force officer with the Federal Bureau of Investigation's Solano County Violent Gang Safe Streets Task Force in Fairfield, California. This task force investigates violent crime in Solano County. As an FBI task force officer, I am authorized to investigate violations of United States law and to execute arrest and search warrants under the authority of the United States. Specifically included in my duties is the enforcement of all laws relating to illegal firearm possession.

AFFIDAVIT                                                1

5. Prior to this assignment, I worked as a narcotics detective with a Solano County multi-jurisdictional methamphetamine enforcement team. During my work with the Solano County Sheriff's Office, I have participated in dozens of firearms investigations and arrests and spent time talking with other law enforcement officers about these investigations. I have received law enforcement training throughout my employment with the Solano County Sheriff's Office.

6. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## II. IDENTIFICATION OF THE DEVICE TO BE EXAMINED

7. The property to be searched is a(n) White Samsung cellular telephone with model # SGH-T599B, hereinafter the "Device." The Device is currently located at the Solano County Sheriff's Evidence Bureau, 530 Union Avenue, Suite 100, Fairfield, California.

8. The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

## III. PROBABLE CAUSE

9. On March 10, 2015, members of the Solano County Sheriff Office Enforcement Team responded to the Comfort Inn located at 4441 Central Place in Fairfield, CA. They were attempting to find Louis Marsh, who had been on a three-year state probation term since May 23, 2013. MARSH's probation includes a search condition that requires him to submit his person and place of residence to any peace officer's warrantless search and seizure at any time of the day or night. Additionally, on August 5, 2014, a Contra Costa County Superior Court judge had issued a no bail arrest warrant for Marsh, who was suspected of violating the counseling and reporting terms of his probation.

10. Members of the enforcement team surveilled Marsh at the hotel for more than an hour. Room 323 had been rented by a third party. However, police saw Marsh look out of the window of room 323 and use a third-floor exterior walkway several times. Eventually, a police officer called room 323, identified himself, and instructed Marsh to exit the room with his hands in the air. The call recipient hung up and did not answer when the officer placed a second call. Shortly thereafter, a police officer saw Marsh leave room 323. Officers took him into custody.

11. As Marsh left room 323, a detective saw that he was holding a white and black Samsung

AFFIDAVIT         2

cellular telephone – the Device. Marsh dropped the Device shortly thereafter, while officers were taking him into custody. An officer later found the Device lying on the floor near room 323. He collected the Device and placed it with Marsh's other property.

12. When the officers took Marsh into custody, the door to room 323 was partially open. Officers searched room 323. There was no one else inside the room. Underneath the nightstand and inside a plastic grocery bag, officers found a loaded Kimber .45-caliber semiautomatic handgun bearing serial number KR17031. The handgun contained a high capacity magazine. Inside the same plastic bag, officers found an additional magazine and 78.5 grams of a white crystal substance. This substance tested presumptively positive for methamphetamine. Officers also found a functional digital scale in the room. I know from my training and experience that this 78.5 grams of methamphetamine far exceeds a typical personal use weight.

13. According to the Bureau of Alcohol, Tobacco, Firearms, and Explosives' National Tracing Center, the Kimber firearm with serial number KR17031 was sold to a purchaser in Georgia in 2002.

14. The Device is currently in the lawful possession of the Federal Bureau of Investigation. Therefore, while the Federal Bureau of Investigation might already have all necessary authority to examine the Device, I seek this additional warrant out of an abundance of caution to be certain that an examination of the Device will comply with the Fourth Amendment and other applicable laws.

15. Based on my training, experience, conversations with other experienced firearms and narcotics investigators, and my knowledge of this investigation, I know the following regarding the practices of firearm offenses:

    a) Narcotics traffickers (hereafter, "subjects") typically use mobile telephones, two-way radio systems, other communication systems, and related devices in their illegal activities. These items are stored by subjects in various locations, including on their person or in their residences or cars. These items are typically equipped with data storage capability and contain phone numbers and/or electronic messages relating to illegal activity. Information stored in electronic form on all of the above devices can provide evidence of drug trafficking, firearm crimes, gang-related street crime, and the identity of associates. For example, numbers stored in

AFFIDAVIT    3

the telephones (such as caller identification lists reflecting recently received calls, speed dial lists of names and/or telephone numbers, and logs of outgoing and incoming calls) can provide evidence of who the subject is calling and, thus, the identity of potential coconspirators, customers, and/or suppliers. Often, telephone voicemail systems retain recorded messages. The incoming messages can provide evidence of illegal activity and the identity of associates, while the outgoing message can provide evidence of who controls the telephone line. Similarly, the incoming and outgoing text messages on a mobile phone can also provide the same evidence.

b) Subjects often memorialize their narcotics trafficking and/or firearm possession by taking or posing for photographs and/or videos of themselves, their associates, their property, assets, firearms, and tattoos. For example, subjects often take photographs of themselves and their associates while in the process of possessing firearms or engaging in narcotics sales. These photographs often include those taken in the areas where they possess the firearms and/or traffic narcotics. Subjects usually maintain these photographs and/or videos in various locations, including in their mobile telephones.

### IV. TECHNICAL TERMS

16. Based on my training and experience, I use the following technical terms to convey the following meanings:

a) Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones

AFFIDAVIT 4

may also include global positioning system ("GPS") technology for determining the location of the device.

    b)    Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

    c)    Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

    d)    GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically

calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

e) PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

f) Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

17. Based on my training, experience, and research, I know that the Device has capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## V. ELECTRONIC STORAGE AND FORENSIC ANALYSIS

18. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

19. Forensic evidence. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic

electronic evidence might be on the Device because:

    a)     Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

    b)     Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

    c)     A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

    d)     The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

    e)     Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

20.     <u>Nature of examination.</u> Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

21.     <u>Manner of execution.</u> Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize

AFFIDAVIT     7

execution of the warrant at any time in the day or night.

## VI.   CONCLUSION

22.   I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

23.   It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and search warrant. I believe that sealing this document is necessary because the warrant is relevant to an ongoing investigation into the criminal organizations as not all of the targets of this investigation will be searched at this time. Based upon my training and experience, I have learned that, online criminals actively search for criminal affidavits and search warrants via the internet, and disseminate them to other online criminals as they deem appropriate, i.e., post them publicly online through the carding forums. Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

Respectfully submitted,

_Mark T. Demarest_
Mark T. Demarest
Task Force Officer
Federal Bureau of Investigation

Subscribed and sworn to before me on:  June 19, 2015

_Kendall J. Newman_
The Honorable Kendall J. Newman
UNITED STATES MAGISTRATE JUDGE

_ANBA_
Approved as to form by AUSA AMANDA BECK

AFFIDAVIT                                               8

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | |
|---|---|
| In the Matter of the Search of ) | |
| ) | |
| White Samsung cellular telephone with model # ) | Case No. |
| SGH-T599B, CURRENTLY LOCATED AT the ) | |
| Solano County Sheriff's Evidence Bureau, 530 Union ) | 2:15 - SW - 0 3 4 5   KJN |
| Avenue, Suite 100, Fairfield, California. ) | |

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the     Eastern     District of     California
*(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

YOU ARE COMMANDED to execute this warrant on or before   July 3, 2015   *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: <u>any authorized U.S. Magistrate Judge in the Eastern District of California.</u>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   June 19, 2015 10:40 A.m.                     _____
                                                                      Judge's signature

City and state:   Sacramento, California              Kendall J. Newman, U.S. Magistrate Judge
                                                              *Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

**Certification**

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

Subscribed, sworn to, and returned before me this date.

_____
Signature of Judge                                                                        Date

## ATTACHMENT A

The property to be searched is a White Samsung cellular telephone with model # SGH-T599B, hereinafter the "Device." The Device is currently located at the Solano County Sheriff's Evidence Bureau, 530 Union Avenue, Suite 100, Fairfield, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1.  All records on the Device described in Attachment A that relate to violations of 18 U.S.C. 922(g)(1) and 21 U.S.C. 841(a)(1) and involve Louis Marsh, including: Any and all names, words, telephone numbers, email addresses, time/date information, messages, and electronic date in the memory of the mobile telephone or on a server and associated with the mobile telephone and described as:

    i. Incoming call history;

    ii. Outgoing call history;

    iii. Missed call history;

    iv. Outgoing text messages;

    v. Incoming text messages;

    vi. Draft text messages;

    vii. Telephone book or contacts;

    viii. Data screens or files identifying the telephone number associated with the mobile telephone searched;

    ix. Data screens, files, or writing containing serial numbers or other information that identifies the mobile phone searched;

    x. Voicemail;

    xi. Email;

    xii. User-entered messages (such as to-do lists);

    xiii. Photographs;

    xiv. Videos; and

    xv. Audio files

2.  Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

    As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored,

including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.